UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| V. | ) | CR. NO. 06-227-RBW |
| | ) | |
| | ) | |
| BERNIE HARGROVE | ) | |

**BERNIE HARGROVE'S**
**MOTION FOR RECONSIDERATION OF DETENTION ORDER**

**COMES NOW**, Bernie Hargrove, defendant number 12, through undersigned counsel Rudolph Acree. Jr, pursuant to 18 U.S.C. §3145(b) to respectfully request this Honorable Court to revoke the pre-trial detention order of Magistrate Judge Kay and to release the defendant to the District Of Columbia Pretrial Services Heighten Supervision Program, to a District Of Columbia half-way house with work release privileges, or follow the recommendations of Pretrial Services and place Mr. Hargrove in Pretrial Service Agency General Supervision for District Court with the condition to report in person once a week.  As grounds for this motion counsel would state the following:

**BACKGROUND**

1. The defendant is charged with, among other things conspiracy to distribute and possess with intent to distribute Phencyclidine, in violation of 21 U.S.C. §846.

2. A detention hearing was held August 2, 2006, before the Honorable Magistrate Judge Kay.  The defendant has been held without bond since.

3. The defendant has one prior misdemeanor conviction in February of 2004, of which Mr. Hargrove was placed on one-year probation that has been satisfactorily completed.

4. The defendant is a life-long resident of the District of Columbia with extensive family in the area. The defendant is 29 years old with a wife and three children whom he supported prior to his Arrest. At the time of his arrest Mr. Hargrove was on workman's compensation for a hand injury, and was expected to return to work as a full time Porter of Dudley Pro Realty on or about August 12, 2006.

5. The defendant suffers from Sarcoidosis, for which he is prescribed drugs that may cause serious side effects, in addition Mr. Hargrove needs special treatment for his liver.

**FACTORS TO BE CONSIDERED**

6. Title 18 U.S.C. §3142(g) specifies the factors to be considered in determining whether there are conditions of release that will reasonable assure the appearance of the person as required and the safety of the community. Those factors are:

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
    (2) the weight of the evidence against the person;
    (3) the history and characteristics of the person—
        i. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and

> > record concerning appearance at court proceedings; and
> > ii. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release while pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

## ARGUMENT

There is a rebuttable presumption contained in 18 U.S.C. §3142(e) that no condition or combination of conditions will reasonable assure the safety of any person in the community if the judge finds that there is probable cause to believe that a person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. The indictment itself is sufficient to create the probable cause creating the rebuttable presumption of flight. <u>United States v. Hurtado,</u> 779 F.2d 1467 (11th Cir. 1985). However, "Reasonably assure" does not mean that release conditions must "guarantee" community safety and the defendant's appearance. <u>United States v. Orta</u>, 760 F.2d 887 (8th Cir. 1985). In addition in <u>United States v. Jessup</u>, 757 F.2d 758 (1st Cir. 1985) the First Circuit concluded that the statutory presumptions raised by serious drug offense shifted only the burden of production not persuasion to the defendant. Once the defendant produces some evidence the presumption does not evaporate but rather allows the court to give appropriate weight to the presumption without shifting the burden of persuasion. See <u>United States v. Fretias</u>, 602 F.Supp 1283 (N.D. Cal. 1985), and <u>United States v. Portes</u>, 786 F.2d 758 (7th

Cir. 1985). The government retains the burden of proof by a preponderance where the issue is risk of flight, <u>United States v. Vortis</u>, 785 F.2d 327 (D.C. Cir.1986), or by clear and convincing evidence if the issue is danger to a person or the community.

    This Court based on his documented past has no reason to believe that Mr. Hargrove is a risk of flight. In addition, there is no clear and convincing evidence to support the idea that Mr. Hargrove is a danger to the community. Indeed there is nothing of a violent nature in Mr. Hargrove's history; and in the matter before this Court there have been no allegations of firearms or weapons to speak of. We believe that this Court could fashion a scenario where by Mr. Hargrove can continue to work, and at the same time comply with any conditions set forth by this Court.

    **WHEREFORE**, counsel respectfully requests that this motion be granted.

Respectfully Submitted

_____/s/_____
Rudolph Acree, Jr.
1211 Connecticut Ave.
Suite 506
Washington, DC 20036
(202) 331-1961
Fax (202) 331-7004

## CERTIFICATE OF SERVICE

**I HEARBY CERTIFY** that a copy of the foregoing was served through United States Postal Service first class mailing to AUSA Elisa Poteat at 555 4th St., NW Room 4444 Washington, DC 20530 and by facsimile transmission to (202) 514-8707 on this 29 of August in the year of 2006:

Ms. Elisabeth Poteat
Assistant United States Attorney
555 4th St., NW
Room 4444
Washington, DC 20530
(202) 353-9414(fax)
Counsel for the United States

_____/s/_____
Rudolph Acree, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| V. | ) | CR. NO. 06-227-RBW |
| | ) | |
| | ) | |
| BERNIE HARGROVE | ) | |

## ORDER

This matter is before the Court on the defendant Bernie Hargrove's motion for revocation of detention order and the Court, having considered the motion, the government's response thereto and the record in the case it is this __ day of _____2006,

**ORDERED** that the defendant's motion should be and hereby is **GRANTED** and it is

**FURTHER ORDERED** that the defendant be placed in home monitoring pending the trial in this matter.

**SO ORDERED.**

_____
Honorable Judge Walton
United States District Court

Copies to:

Mr. Rudolph Acree, Jr.
1211 Connecticut Ave
Suite 506
Washington, DC 20036

Counsel for Bernie Hargrove


Ms. Elisa Poteat
Assistant United States Attorney
555 4th St., NW
Room 4444
Washington, DC 20530
Counsel for the United States