UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Crim. No.: 06-227 (RBW) |
| BERNIE HARGROVE, | * | |
| | * | |
| Defendant, | * | |
| | * | |

\*       \*       \*       \*       \*       \*       \*

**MOTION TO DISCLOSE IDENTITIES OF EACH CONFIDENTIAL
INFORMANT REGARDLESS OF
WHETHER THEY WILL BE CALLED AT TRIAL**

Comes now Defendant Bernie Hargrove, through undersigned counsel, respectfully moves this Court to issue an Order directing the government to disclose the identities of each confidential informant regardless of whether they will testify at trial. In support of this motion, Mr. Hargrove states as follows:

1. A review of the materials generated to date concerning the investigation that culminated in this indictment reveals that an important source of information used by law enforcement in gathering information from derived from confidential informants.

2. Witnesses who have provided information to law enforcement did so after they were either charged or told that they would be indicted unless they agreed to cooperate.

3. Counsel seeks to interview each person who gave information to law enforcement who falls within the category of confidential informant regardless of whether thay will be called to testify at trial.

4. The confidential informants used by law enforcement may be biased against defendant.

5. The identities of the informants are necessary to the defense in order to investigate bias, motives to fabricate, and to cast doubt upon the creditability of certain witnesses.

6. Mr. Hargrove seeks useful and relevant information that cannot be learned without a disclosure by the United States. There is no reason related to security to withhold this essential information. Mr. Hargrove due process rights mandate disclosure of the identities of each confidential informant who has provided information to law enforcement.

In *Roviaro v. United States*, 35353 U.S. 53 (1957), the Supreme Court addressed the balancing that was necessary when a trial Court was called upon to weigh a defendants right to fundamental fairness as guaranteed by the United States Constitution against the Government's interest in withholding from disclosure the identity of an informant. (Protecting the identity of the informant from disclosure has become known as the "informer's privilege").

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes obligation.

Id. at 60-61 (citations omitted)

1. <u>Actual Crime Participants</u>

These individuals, regardless of the corporate reward, must be disclosed in the interest of fundamental fairness and due process. In *McLawhorn v. State of North Carolina*, 484 F.2d. 1 (4th Cir. 1997) the Court drew a distinction between actual crime participants and tipsters in assessing whether it was necessary for the government to reveal their identities. If it is determined that the informant was an "actual participant," that is where he helps to set up the criminal occurrence, then disclosure of the identity of the informant is required. 484 F.2d. at 5.

In *Roviaro,* the Supreme Court recognized the problem a defendant faces when the government chooses not to call a confidential informant at trial.

> Petitioners opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Curham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed entrapment.
> The desirability of calling John Doe as a witness, or <u>at least interviewing him in preparation for trial</u>, was a matter for the Defendant rather than the government to decide.

*Roviaro*, 353 U.S. at 64 (emphasis added). Thus the Supreme Court recognized the importance of disclosing the name and whereabouts of an informant so that the defendant would have the opportunity of at least interviewing the informant in order to adequately prepare for trial. It is axiomatic that the witnesses do not belong to either the prosecution or the defense and should be available to either side.

Without disclosure of the informant's identity and the ablity to interview the informant or call the iinformant as a witness, the defendant might well be forced to testify in order to try to establish that he was misidentified or had a lack of knowledge or intent. Where the informant is a particapant and material witness to the crime charged, as is

3

applicable herein with respect to certain government witnesses, forcing the defendant to testify or depriving him of the right to interview or call such a witness constitutes a denial of fundamental fariness, and violates both his fifth amendment right to remain silent and his sixth amendment rights to confrontation as well as effective assistance of counsel.

The Circuit Court of Appeals in this jurisdiction has recognized that the "Informer's Privilege" must give way when the identity of the informant is of use to a defendant.

> Whether *Roviaro* was a product of the Due Process Clause, as the Supreme Court said in *United States v. Radatt,* 447 U.S. 667, 679, 100 S. Ct. 2406, 2414, 6 L.Ed.2d 424 (1980), or merely of federal common law, as the Court wrote in *United States v. Valenzuela-Bernal,* 458 U.S. 85 870, 102 S.Ct. 3440, 3448,73 L.Ed.2d 119 (1982), ina criminal trial the informer privilege must give way when the information sought is "relevant and helpful to the defense of the accused." *Roviaro*, 353 U.S. at 60-61, 77 S. Ct. at 628.
> The informant in *Roviaro*, whose identity the Court odered divulge, was the "sole participant other than the accused, in the transaction charged" and consequently "the only witness in a position to amplify or contradict the testimony of the government witnesses, 353 U.S. at 64, 77 S. Ct. at 629

*United States v. Foster*, 986 F.2d. 541, 545 (D.C. 1993).

The identities of the confidential informants who were engaged in criminal activity are relevant and useful to the defense. They may have been the sole perpetrators of some or all of the offenses charged herein. As such, defendant has a constitutional right to conduct a pretrial investigation of the activities of the informants to ascertain their criminality and to explore any bias or motive to fabricate they may have.

    2.    <u>Informants Not Participating in Crimes Alleged in Indictment</u>

The basis for seeking disclosure of the identities of confidential informants who were not participants in the crimes alleged in the indictment arises from *Brady v. Maryland*. Specifically, defendant asserts that most, if not all, of the witnesses who fall within this category have provided information to law enforcement in an effort to obtain a benefit. It is a well-known fact that cooperating witnesses receive compensation for their assistance in investigation and in some instances receive compensation for their testimony. In *United States v. Bagley*, 93 U.S. 667, the Supreme Court analyzed expectations of witnesses for payments in return for testimony in the context of *Brady v. Maryland*. Recognizing that constitutional error occurs when the defense is deprived of information that would be useful in cross-examination to suggest bias or interest on the part of a witness, the Court mandated that an assessment be made regarding the significance of the inducement.

> [W]e reserve the judgment of the Court of Appeals and remand the case to that Court for a determination whether there is a reasonable probability that, had the inducement offered by the government…
>
> been disclosed to the defense, the result of the trial would have been different.

473 U.S. at 684

In so ruling, the *Bagley* majority made clear that offers of inducement do fall within the potentially exculpatory umbrella of *Brady v. Maryland*.

**WHEREFORE**, counsel respectfully requests that this motion be granted.

                Respectfully Submitted

                _____/s/_____
                Rudolph Acree, Jr.
                1211 Connecticut Ave.
                Suite 506
                Washington, DC 20036
                (202) 331-1961
                Fax (202) 331-7004

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 8th day of June 2007, I caused a true and correct copy of the foregoing Defendant Hargrove Motion to Disclose the Identities of Each Confidential Informant Regardless of Whether they will be Called at Trial to be delivered to the parties in this matter via Electronic Case Filing (ECF).

                _____/s/_____
                Rudolph Acree, Jr.