UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No.: 06-227 (RBW) |
| BERNIE HARGROVE, | * |
| | * |
| Defendant, | * |
| | * |

\*  \*  \*  \*  \*  \*  \*

**MOTION FOR A PRELIMINARY DETERMINATION OF CONSPIRACY AND
PRETRIAL RULING ON THE ADMISSIBLITY OF
CO-CONSPIRATOR'S STATEMENTS**

Comes now Defendant Bernie Hargrove, through undersigned counsel, respectfully moves this Court to conduct a pretrial hearing to determine the existence of a conspiracy and to determine the admissibility of any statements of alleged co-conspirators pursuant to Fed. R. Evid. 801 (d)(2)(E).

In this case the government has charged Mr. Hargrove in a Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Phencyclidine among other things. Federal Rules of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is a statement made by a co-conspirator or party during the course of and in furtherance of the conspiracy.  Before the statements are properly admissible under Fed. R. Evid. 801 (d)(2)(E), the Court must make a determination that (1) a conspiracy existed, (2) the co-conspirator and the defendant against whom the statements are offered were members of the conspiracy, and (3) the statements were made in furtherance of the conspiracy. *See United States v. Gantt,* 617 F.2d 831 (D.C. Cir. 1980) (citing *United States v. Nixon,* 418 US 683, 701 n.14 (1974)).  The trial court's findings must be supported by substantial

evidence independent of the hearsay statements themselves. *See* Id. at 844. *See* also *United States v. Perholtz,* 836 F.2d 554 (D.C. Cir. 1987); *United States v. Weisz,* 718 F.2d 413 (D.C. Cir. 1983). This determination should be made prior to trial and before the admission of the statements. *See* e.g., Fed. R. Evid. 104.  In *United States v. Jackson,* 627 F.2d 1198 (D.C. Cir. 1980), the Court stated:

> The better practice is for the Court to determine before the hearsay is admitted that the evidence independent of the hearsay testimony proves the existence of a conspiracy sufficiently to justify the admission of the hearsay declaration.

Id. at 1219 (citing *United States v. James,* F.2d 575, 582 (5th Cir), cert. denied, 442 U.S. 917; *United States v. Macklin,* 573 F.2d 1046, 1049 n.3 (8th Cir 1978); *United States v. Pertozziello,* 548 F.2d 20, 23 n.3 (1st Cir. 1977)).

These procedures need to precede the trial because of the degree of prejudice Mr. Hargrove will suffer if a jury were to rely on co-conspirator's statements without the Court first addressing and deciding the admissibility question. *See United States v. James,* supra.  In *United States v. Jackson,* 627 F.2d at 1216, the Court announced another important principle:

> What must be proved by independent evidence is merely that a combination existed between third parties and the defendant. It is not necessary to show by such evidence that a combination was unlawful.  That element maybe by hearsay declarations. (Emphasis in original).

More importantly, the co-conspirator or party must have made the statements "in the course of and in furtherance of the conspiracy." *See Bourjaily v. United States,* 483 U.S. 171 (1987). This places a considerable burden on the government to overcome the presumption of unreliability that attaches to all out-of-court statements while at the same

2

time producing sufficient evidence to prove by a preponderance of the evidence that a conspiracy did, in fact, exist. Id.

In reaching its decision, the Court may exercise its wide range of power to remove Mr. Hargrove from an atmosphere that will cloud a jury's judgment on the facts alone. As Judge Weinstein has commented:

> It is the contention of this treatise that a fair and practicable method of protection to the defendant without violating the letter or spirit of the rules relies in insisting on a stringent standard of proof before the Court admits a co-conspirator's statement in a criminal case. Only if the Court is convinced to a higher degree of probability, considering hearsay as well as no-hearsay evidence if the conspiracy, of the defendants' membership and the statement was made during the course of and in furtherance thereof should it be admitted.
>
> Weinstein Evidence §104

In *United States v. James*, supra, the Fifth Circuit of Appeals traced the history of the Courts role when confronted with the same issues that are now before this Court. Before the enactment of the Federal Rules of Evidence the trial judge's role was to instruct the jury to weigh the evidence of proof of a conspiracy. With the adoption of Fed. R. Evid. 104, the presiding judge now has an active role consisting of two important functions: First the court determines whether the government has made a prima facie showing and, the, it weighs the evidence-a function formally performed by the jury. As the appellate Court said in *James*,

> We are therefore convince that the preliminary questions of conditional relevance envisioned by Rule 104(b) are those which present no such danger of prejudice to the defendant. They are questions of probative force rather than evidentiary policy. They involve questions as to the fulfillment of factual questions which the jury must answer. The admissibility of a co-conspirator's declaration in a conspiracy trial, however, dose pose problems precisely

3

because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence in the mind of a conscientious juror, despite instructions to disregard the statements or to consider them conditionally. As a result such statements should be evaluated by the trained legal mind of the trial judge.

The *James* case also held that the standard of proof should be high enough to afford adequate protection to the defendant against whom the government offers the evidence, yet not to such a level as to exclude trustworthy evidence.

**WHEREFORE**, counsel respectfully requests that this motion be granted.

Respectfully Submitted

_____/s/_____
Rudolph Acree, Jr.
1211 Connecticut Ave.
Suite 506
Washington, DC 20036
(202) 331-1961
Fax (202) 331-7004

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of June 2007, I caused a true and correct copy of the foregoing Defendant Hargrove Motion FOR A PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETIAL RULING ON THE ADMISSIBLITY OF CO-CONSPIRATOR'S STATEMENTS to be delivered to the parties in this matter via Electronic Case Filing (ECF).

_____/s/_____
Rudolph Acree, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v. * | |
| * | Crim. No.: 06-227 (RBW) |
| BERNIE HARGROVE, * | |
| * | |
| Defendant, * | |
| * | |

\*     \*     \*     \*     \*     \*     \*

### **ORDER**

Upon Consideration of all the facts and evidence in the possession of the Court:

**IT IS HEREBY ORDERED,** that the Defendant, Mr. Hargrove Motion For a Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Co-Conspirators Statements Made will be determined based upon an evidentiary hearing to be hold on ____ day of ____, 2007.

_____
Honorable Judge
United States District Court

6