UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No.: 06-227 (RBW) |
| BERNIE HARGROVE, | * |
| | * |
| Defendant, | * |
| | * |

\*     \*     \*     \*     \*     \*     \*

**MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT**

Defendant Bernie Hargrove, through counsel, respectfully moves this Court pursuant to, Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny, and the Fourth, Fifth and Sixth Amendments to the United States Constitution, to suppress all statements of the defendant. In support of this motion, counsel states the following:

1. Mr. Hargrove has been charged in a Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Phencyclidine among other things

2. On or about August 1st of 2006, Mr. Hargrove was the subject of a custodial interrogation by Federal law enforcement officers. Prior to the beginning of the custodial interrogation, Mr. Hargrove his wife, and small children were awakening early that morning in his home by a team of Federal agents in full-tactical wear who "breached" his front door in execution of a search warrant. Mr. Hargrove was immediately detained and transported to the FBI Washington Field Office.

3. Mr. Hargrove was subsequently interrogated upon arrival at the FBI Washington Field Office.

4. Mr. Hargrove is alleged to have made statements while in custody. Agents eventually arrested and advise the defendant of his *Miranda* rights, at the conclusion of that meeting. Mr. Hargrove, was unaware of his Fifth Amendment rights and, therefore did not waive them.

5. The totality of the circumstances surrounding the custodial interrogation indicate that the statements made by Mr. Hargrove were not voluntary and a violation of his due process rights.

**WHEREFORE**, for the reasons set forth in the attached memorandum of points and authorities and any reason that may appear at a hearing on this motion, Mr. Hargrove respectfully requests that this Court suppress his statements taken from an involuntary custodial interrogation in violation of his due process rights.

Respectfully Submitted

Rudolph Acree, Jr. Esq.
Counsel for Bernie Hargrove
1211 Connecticut Avenue
Suite 506
Washington, D.C. 20036
(202) 331-1961

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of June 2007, I caused a true and correct copy of the foregoing Defendant Hargrove Motion To Suppress Statement to be delivered to the parties in this matter via Electronic Case Filing (ECF).

				Rudolph Acree, Jr. Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No.: 06-227 (RBW) |
| BERNIE HARGROVE, | * |
| | * |
| Defendant, | * |
| | * |

\*       \*       \*       \*       \*       \*       \*

## MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT

I.   **All Statements Must Be Suppressed Because They Were Not Voluntary.**

Statements must be suppressed if they are not made voluntarily. The government bears the burden of proving that any statement made by a defendant was voluntary. See <u>Lego v. Twomey</u>, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." <u>See e.g., Culombe v. Connecticut</u>, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." <u>See Mincey v. Arizona</u>, 437 U.S. 385, 402 (1978).

Here, the evidence at a hearing will show that officers exerted unreasonable psychological pressure on Mr. Hargrove. On or about August 1, 2006 Mr. Hargrove and his family was subject to an early morning raid at their home, where the front door was "kicked-in". During the custodial interrogation on the aforementioned date, Mr. Hargrove was informed that he was a person of interest in a federal investigation. Throughout the custodial interrogation, officers laid out the dismal situation they believe was afoot. The agents then proposed to Mr.

Hargrove that it was in his interest to answer their questions, before ever advising him of his *Miranda* rights..

An "evaluation of all the circumstances surrounding the interrogation" of Mr. Hargrove will show that his statements were not a "product of an essentially free and unconstrained choice by its maker." See e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961). Accordingly, the statements must be suppressed.

II.  **The Statement Following the Defendant Being Detained by Members of Federal Law Enforcement Must Be Suppressed Due to Miranda Violations.**

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to a custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been … deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkermer v. McCarty, 468 U.S. 420, 442 (1984)."The term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). See also Dickerson v. United States, 530 U.S. 428 (2000) (affirming Miranda warnings as a constitutional requirement).

In this case Mr. Hargrove was, pursuant to a custodial integration was questioned without being appropriately advised of his Miranda rights.

**CONCLUSION**

Police illegally detained Mr. Hargrove and obtained statements as a result of this detainment. Accordingly the statements obtained as a result of Mr. Hargrove custodial interrogation must be suppressed.

                                              Respectfully Submitted

                                              _____
                                              Rudolph Acree, Jr. Esq.
                                              Counsel for Bernie Hargrove
                                              1211 Connecticut Avenue, N.W.
                                              Suite 506
                                              Washington D.C. 20036
                                              (202) 331-1961

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   **Crim. No.: 06-227 (RBW)** |
| BERNIE HARGROVE, | * |
| | * |
| Defendant, | * |
| | * |

\*   \*   \*   \*   \*   \*   \*

## **ORDER**

Upon Consideration of all the facts and evidence in the possession of the Court:

**IT IS HEREBY ORDERED,** that the Defendant, Mr. Hargrove Motion to Suppress Statements Made will be determined based upon an evidentiary hearing to be hold on ____ day of _____, 2007.

                                                                                                    _____
                                                                                                    Honorable Judge
                                                                                                    United States District Court