IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| V. | * | Crim. No.: 06-227 (RBW) |
| | * | |
| | * | |
| BERNIE HARGROVE, | * | |
| | * | |
| Defendant, | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO PRECLUDE THE
INTRODUCTION OF EVIDENCE OF "OTHER CRIMES" PURSUANT
TO RULE OF EVIDENCE 404(b)**

Defendant Bernie Hargrove, through undersigned counsel, moves this court to preclude the Government from introducing prior acts evidence to prove Mr. Hargrove's knowledge and familiarity with the drug trade. In support of this motion, Mr. Hargrove states the following[1]:

**I.      Background**

Mr. Hargrove has been charged in a superseding indictment with Conspiracy to Distribute and Possess with Intent to Distribute (Phencyclidine), in violation of 18 U.S.C. § 841. This count arises from the following facts: In a superseding indictment, Bernie Hargrove and a number of co-defendants were charged with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or more of Phencyclidine. The indictment spanned a period beginning in 2004 through May 2006, alleging that Mr. Hargrove and his co-defendants Hopkins and Bryant, as well as others acquired, repackaged, stored,

---

[1] Counsel has been unable to determine the deadline for the response to the Government's 404(b) motion which was filed on July 25, 2007.

1

processed, sold and redistributed quantities of phencyclidine in the District of Columbia, the State of Maryland and the State of California.

The heart of the investigation in this case ended with searches and arrests on August 1, 2006. On the aforementioned date, a search of the home allegedly belonging to Mr. Hargrove produced the small empty plastic zipper-style bags that the Government seeks to introduce at trial.

### II.     Standard of Admissibility for 404(b) Evidence

Rule 404(b) prohibits the use of a prior bad act for the purpose of proving a defendant's character. The Rule provides that prior bad act evidence is only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Rule 403 further provides that even if a prior bad act is relevant to prove one of these purposes, it is inadmissible where its probative value is substantially outweighed by the potential for undue prejudice.

In United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997), the Fourth Circuit established a four-pronged test of admissibility for prior act evidence that the Government must meet by a preponderance of the evidence:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant … (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

Under this standard, the relevance of a prior bad act significantly diminishes when the facts of the prior act (in terms of physical similarity or mental state) are not similar to the instant offense. See id; United States v. Davis, 657 F.2d 637, 639 (4th Cir. 1981).

In light of these criteria, evidence of Mr. Hargrove's presence at, what the government claims is an alleged meeting, of which Mr. Hargrove had no part in, and the presence of small empty plastic zipper-style bags only at Mr. Hargrove's residence has no probative value, and is unduly prejudicial. Accordingly, it is inadmissible under Rules 404(b) and 403.

**III.    Mr. Hargrove's Prior Bad Acts Involving His Presence At An Alleged Drug Meeting And The Presence Of Small Empty Plastic Zipper-Style Bags At His Home Has No Probative Value Because It Is Irrelevant And Unnecessary To Prove His Familiarity With And Knowledge Of The Drug Trade.**

In Mr. Hargrove's case, the evidence of his presence at what the Government describes as a meeting and the presence of small empty plastic zipper-style bags at his home, which the Government seeks to introduce, has no probative value because it is not relevant or necessary to any issue in the case.

**A. Evidence of Mr. Hargrove's presence at what the Government describes as a meeting and the presence of plastic empty zipper-style bags in his home are not relevant or necessary to show knowledge of or familiarity with the drug trade because it varies significantly from the facts of the instant case.**

Under the standard discussed in <u>United States v. Davis</u>, the relevance of prior bad acts significantly diminishes when the facts of the prior act (as is the case here with Mr. Hargrove) are not similar to the instant offense. <u>Id</u> at 639. Here, the link between the acts is tenuous at best.

First, the instant case centers on a conspiracy to acquire and sell phencyclidine (PCP) whereas the alleged drug discussion that Mr. Hargrove allegedly was present for concerned cocaine. These two drugs are different physically, and require different

3

processes to prepare it for sale. It should not be presumed that because an individual has experience with one narcotic, that he is an expert in all narcotics. Opposing counsel wants the Court to make that presumption here.

Second, the prior act concerns a meeting concerning a cocaine sale, a sale at which Mr. Hargrove was not present. In contrast, here, the Government conducted a three-year federal investigation, which concluded, with searches and arrests of the all the co-defendants in this case. Thus, the type of drug recovered and the quantity vary greatly.

Accordingly, the prior acts at issue are irrelevant. See United States v. Hernandez-Miranda, 601 F.2d 1104 (9th Cir. 1979) (holding that purported 404(b) evidence of conviction for smuggling 80 kilograms of marijuana into the United States from Mexico in backpacks was not similar enough to case where the government alleged that the defendant smuggled a few pounds of heroin into the United States from Mexico in car); see also United States v. Becerra, 2000 WL 486268, at *2 (9th Cir.2000) (holding that purported 404(b) evidence of conviction for fourteen small bindles of cocaine and black tar heroin hidden in the car was not admissible to show knowledge of possession in a case where the government alleged that the defendant was carrying twenty-five packages of marijuana weighing fifty-six pounds hidden in different area of car.)

**B. Evidence of Mr. Hargrove's presence at what the Government describes as an alleged meeting and the presence of empty plastic zipper-style bags in his home are not relevant or necessary to show familiarity with or knowledge of the drug trade because neither is evidence of a drug transaction.**

According to United States v. Washington, "when a defendant is charged with distribution with the intent to distribute drugs, 404(b) evidence of his prior drug transactions is admissible to demonstrate intent, knowledge, plan and absence of mistake. United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992). Here, the facts of

the prior act does not rise to such a level as to evidence a drug transaction. The Government indicates that Mr. Hargrove was the passenger in a car. The driver of said car made a call to another individual indicating that he was in the area. Moments later, the individual approached and entered the vehicle and proceeded to engage in a conversation with the driver. At that point, the driver "clarified to the individual that he said he was in the area but it didn't mean he was ready." At no time during this conversation did Mr. Hargrove say anything to either the driver or the individual.

In <u>Washington</u>, the Government was trying to have the court admit a direct drug transaction between Mr. Washington and an unidentified individual. <u>Washington</u> is clearly distinguishable from the case at bar. First, unlike <u>Washington,</u> Mr. Hargrove, the defendant, was not a party to a drug transaction. There is no indication that Mr. Hargrove communicated with the third-party individual concerning the driver and his discussions of a drug sale. Second, unlike <u>Washington,</u> when the actual sale of cocaine occurred, Mr. Hargrove was not present.

Similarly, the presence of small empty plastic zipper-style bags at the home of Mr. Hargrove, by itself, does little to support the appearance of a drug transaction. There is nothing illegal or peculiar about empty plastic zipper-style bags at an individual's home, which would rise to the level to support the Government's claim. In addition, the Government has not specified where these small empty plastic zipper-style bags were found in Mr. Hargrove's house.

Accordingly, this evidence is irrelevant.

**IV.     Under Federal Rule of Evidence 403, Any Evidence Of Mr. Hargrove's Prior Acts Would Be Unduly Prejudicial As It Would Only Serve As Impermissible Propensity Evidence.**

Even if the prior acts of Mr. Hargrove have minimal relevance, this slight relevance would be substantially outweighed by the undue prejudice that would arise. The danger of unfair prejudice to Mr. Hargrove is undeniable. Evidence of the prior acts would make quite an impression concerning Mr. Hargrove's character. Indeed, it would be highly likely "that the jury will punish the defendant for an offense other than the offense charged" or "will convict when unsure of guilt because it is convinced that the defendant is a bad person deserving punishment." <u>United States v. Parks</u>, 28 F.3d 1133, 1140 (9th Cir. 2002). Accordingly, the prior bad acts would serve as nothing other than impermissible propensity evidence. Thus, Mr. Hargrove respectfully requests that this Court exclude any reference by the government to this evidence.

**V.     Conclusion**

Based on the foregoing, Mr. Hargrove respectfully asks this Court to issue an order precluding the Government from introducing any evidence referring to Mr. Hargrove's prior bad acts.

Respectfully Submitted,

_____/s/_____
Rudolph Acree, Jr.
1211 Connecticut Ave., N.W.
Suite 506
Washington, D.C. 20036
(202) 331-1961

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of August 2007, a copy of the foregoing Motion to Preclude the Introduction of Evidence of "Other Crimes" Pursuant to Rule of Evidence 404(b) was filed electronically of which a copy will be forwarded to:

AUSA Elisa Poteat
Assistant United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530

AUSA Emory V. Cole
Assistant United States Attorney for the District of Columbia
555 4th Street, NW
Washington D.C. 20350

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| V. | * | Crim. No.: 06-227 (RBW) |
| | * | |
| | * | |
| BERNIE HARGROVE, | * | |
| | * | |
| Defendant, | * | |
| | * | |

**************************************************************************

## ORDER

Upon Consideration of all the facts and evidence in the possession of the Court:

**IT IS HEREBY ORDERED,** that the Defendant, Mr. Hargrove Motion to Preclude the Introduction of Evidence of Other Crimes Pursuant to Rule of Evidence 404(b) will be determined based upon an evidentiary hearing to be held on _____ day of _____, 2007.

Honorable Judge Walton
United States District Court