## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **CRIMINAL NO. 06-227 (RBW)** |
| | **:** | |
| | **:** | **Judge Reggie B. Walton** |
| **v.** | **:** | |
| | **:** | |
| **TROY ANTOINE HOPKINS,** | **:** | |
| **LAWRENCE BRYANT,** | **:** | |
| **JOHN DOWNS, III,** | **:** | |
| **BERNIE HARGROVE,** | **:** | |
| **Defendants.** | **:** | |

# <u>JURY INSTRUCTIONS</u>

Jury instructions as given by the Court in the above-captioned case.


Date: _____        _____

Reggie B. Walton
United States District Judge

**TABLE OF CONTENTS**

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     GENERAL INSTRUCTIONS

     A.     Function of the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.     Function of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     C.     Consider Each Count and Each Defendant Separately . . . . . . . . . . . . . . . . . . . 4

     D.     Nature of Charges Not to be Considered . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     E.     Indictment Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     F.     Statements and Questions by Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     G.     Communications Among Defendants' Counsel and Duty of Defense Counsel . . 8

     H.     Inadmissible and Stricken Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     I.     Evidence of Acts Not Charged in Indictment . . . . . . . . . . . . . . . . . . . . . . . . . 10

     J.     Evidence in the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     K.     Evidence Admitted for Limited Purposes or Against One Defendant Only . . . . 12

     L.     Jury's Recollection Controls . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     M.     Notetaking . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     N.     Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

     O.     Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

     P.     Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

III.    WITNESSES

     A.     Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

     B.     Witnesses Who Conferred with Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

     C.     Number of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

     D.     Evaluation of Prior Consistent and Inconsistent Statements . . . . . . . . . . . . . . 22

     E.     Prior Perjury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

     F.     Untruthful Testimony at Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

     G.     Impeachment by Proof of Conviction of a Crime – Witness . . . . . . . . . . . . . . 26

     H.     Witness With a Plea Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

I.      Decision of Defendant Not to Testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

J.      Defendant As a Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

K.      False or Inconsistent Statement by Defendant . . . . . . . . . . . . . . . . . . . . . . . . . 30

L.      Statements of the Defendant – Substantive Evidence . . . . . . . . . . . . . . . . . . . . 31

M.      Defendant's Statements – Corroboration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

N.      Expert Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

O.      Law Enforcement Officer's Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

P.      Accomplice's Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Q.      Witnesses Using or Addicted to Drugs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

R.      Testimony Regarding Pleas Entered Into by Witnesses . . . . . . . . . . . . . . . . . . 37

S.      Identification Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

T.      Charts and Summaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

U.      Other Crimes Evidence – Motive, Identity, or Common Scheme or Plan . . . . . .41


IV.   EVALUATION OF EVIDENCE AND CHARGES

A.      Impermissible to Infer Participation from Mere Presence or From Association . 43

B.      Multiple Defendants – Multiple Counts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

C.      Punishment Not Relevant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

D.      Proof of State of Mind . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

E.      "Knowingly" – Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

F.      "On or About" – Proof Of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

G.      "Possession" – Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

H.      Vicarious Guilt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50


V.    OFFENSE INSTRUCTIONS

A.      Conspiracy to Violate Narcotics Laws . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

B.      Possession with Intent to Distribute a Controlled Substance . . . . . . . . . . . . . . . 61

C.      Distribution of a Controlled Substance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

VI.    PROCEDURES DURING DELIBERATIONS

A.    Transcripts of Tape Recordings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

B.    Juror's Inspection of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

C.    Election of a Foreperson  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

D.    Unanimity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

E.    Communications Between Court and Jury During Jury's Deliberations . . . . . . . 68

F.    Media Reports  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

G.    Verdict Form  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

H.    Furnishing Jury with a Copy of Instructions  . . . . . . . . . . . . . . . . . . . . . . . . . . 71

I.    Court Proceedings During Deliberations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

J.    Taking the Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

K.    Alternate Jurors  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

## INTRODUCTION

Members of the jury, your duties are to decide the issues of fact and to return verdicts as to the defendants' innocence or guilt of the charges.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have conscientiously discharged this duty.

I ask you to give me that same careful attention as I instruct you on the law.

COURT'S JURY INSTRUCTION NO. 1

Function of the Court [2.01]


The function of the court is to conduct the trial of the case in an orderly, fair and efficient manner; to rule upon questions of law arising in the course of the trial; and to instruct you as to the law that applies to this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

COURT'S JURY INSTRUCTION NO. 2

Function of the Jury [2.02]

The function of the jury is to determine the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the credibility of the witnesses.

You should determine what happened solely from a fair consideration of the evidence and without prejudice, fear, sympathy or favor. You should not be improperly influenced by anyone's race, ethnic origin, religion, gender, or any other irrelevant consideration.

The actions of the court during the trial in ruling on motions or objections by counsel, or in comments to counsel, or in questions to witnesses, or in setting forth the law in these instructions, are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact. If you believe I have expressed or intimated any opinion as to the facts, you should disregard it. What the verdicts will be is your sole and exclusive duty and responsibility.

COURT'S JURY INSTRUCTION NO. 3

Consider Each Count and Each Defendant Separately [2.52]


A separate crime or offense is charged against one or more of the defendants in each count of the Indictment. Each offense, and the evidence pertaining to it, should be considered and decided separately. The fact that you may find one or more of the accused guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged, except as I may otherwise instruct you.

COURT'S JURY INSTRUCTION NO. 4

Nature of Charges Not to be Considered [2.14]


You are specifically cautioned against permitting the character of any charge itself to affect your minds in arriving at your verdict. You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

COURT'S JURY INSTRUCTION NO. 5

Indictment Not Evidence [2.06]


You will be provided a copy of the Indictment against these defendants. You are reminded, however, that the Indictment is not evidence. An Indictment is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not use the Indictment for any purpose other than informing yourselves of the charges you are to consider. In other words, you may not regard the Indictment as tending to prove a defendant's guilt or draw any inference of guilt from it.

The Indictment as provided to you for your deliberations will not include certain counts that I read to you in my initial reading of the Indictment before opening statements. You should not make any inference, either in favor of or against the Defendants, from the deletion of certain items from the Indictment.

COURT'S JURY INSTRUCTION NO. 6

Statements and Questions by Counsel [2.05]


The opening statements and closing arguments of counsel are also not evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties.

The questions put to the witnesses by counsel are likewise not part of the evidence in the case.  If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question.  For example, if a lawyer asks a witness if it was raining and the witness agrees, you may find that the witness has testified that it was raining.  If the witness answers no, you may not find the fact suggested by the lawyer's question.

Finally, anything you may have heard or seen outside this courtroom is not evidence, and must be disregarded.

COURT'S JURY INSTRUCTION NO. 7

Communications Among Defendants' Counsel and Duty of Defense Counsel


At times throughout the trial you have heard one defense attorney ask questions regarding a defendant other than his client and to make various objections and argument on behalf of a defendant not his client. Every criminal defendant in every criminal case is entitled to effective assistance of counsel. Effective assistance of counsel includes the right to confront any person who takes the witness stand and testifies for the prosecution. Whether or not to cross-examine any witness is a matter of strategic choice to be made by counsel for each defendant. You may not take any negative inference from any defendant's decision to cross-examine or to refrain from cross-examination of any witness. In addition, you may have also noted throughout the trial that counsel for the defendants have consulted with each other and may have divided tasks to expedite the case and minimize duplication.

Indeed, in a case of this length, its natural for defense counsel to cooperate and consult with one another. These circumstances do not mean that you should regard the defendants as one person or entity. Each defendant is entitled to your separate consideration. It is the duty of an attorney representing a defendant in a criminal case to investigate the facts of the charges against his or her client to the fullest extent possible. Such investigation properly includes locating, interviewing and taking statements from potential witnesses, either for or against the defendant.

COURT'S JURY INSTRUCTION NO. 8

Inadmissible and Stricken Evidence [2.07]


The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections, nor against his client. It is the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by another, you are to disregard the question and you must not speculate as to what the answer would have been. If the objection was overruled, treat the answer as you would any other.

If, after a question was asked and an answer given by a witness, the court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations.

Likewise, any other matters to which the court has sustained an objection, or which the court has ordered you to disregard, are not evidence, and you must not consider them.

COURT'S JURY INSTRUCTION NO. 9

Evidence of Acts Not Charged in Indictment


You have heard testimony of criminal acts purportedly committed by one or more of the defendants with which they are not formally charged in the Indictment. That evidence was admitted for various collateral purposes, such as to show the relationship between the defendants and others involved in their activities, or to show motive, opportunity, intent, preparation, planning, knowledge, identity, or absence of mistake or accident with respect to those crimes with which a defendant is actually charged here.

You are instructed that if you find that a defendant did engage in criminal activity not charged to him here, you are not to draw an inference from such a finding that the defendant is a person of bad character and that he must, therefore, be guilty of the crimes with which he is charged. In other words, the fact that a defendant broke the law on other occasions is not, by itself, evidence that he committed any offense for which he is now on trial.

COURT'S JURY INSTRUCTION NO. 10

Evidence in the Case [1.04 and 2.04]

I have instructed you on what you must not consider as evidence; now I will instruct you as to the evidence that you are to consider.

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Although you are to consider only the evidence in the case, in your consideration of the evidence, you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

The government and the defendants have stipulated – that is, agreed – to certain facts. Any stipulation of fact is undisputed evidence, and you may consider it proven.

The court may take judicial notice of public acts, places, facts and events which are matters of common knowledge, such as court records, or which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. When the court takes judicial notice of a particular fact, you may regard that fact as proven evidence.

11

COURT'S JURY INSTRUCTION NO. 11

Evidence Admitted For Limited Purposes or Against One Defendant Only [2.50]


During trial, certain evidence was admitted only for a limited purpose or with respect to one defendant, and not against other defendants. You may consider such evidence only for that limited purpose or with respect to the defendant against whom it was offered. You must not consider it otherwise in your deliberations.

<u>COURT'S JURY INSTRUCTION NO. 12</u>

Jury's Recollection Controls


If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection of the evidence, I instruct you that it is your recollection that should control during your deliberations.

COURT'S JURY INSTRUCTION NO. 13

Notetaking [1.02]


During the trial, I have permitted those jurors who wanted to do so to take notes.  You may take your notes with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory.  Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory.  The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson.  The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced.  The clerk will give the notes to me, and I will destroy your notes immediately after trial.  No one, including myself, will look at them.

COURT'S JURY INSTRUCTION NO. 14

Direct and Circumstantial Evidence [2.10]


You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses.  That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case:  direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did.

Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.  In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

COURT'S JURY INSTRUCTION NO. 15

Burden of Proof [2.08]


As a result of the defendants' pleas of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all the evidence in this case.

Now I must instruct you on the burden of proof. Each and every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove each and every defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find that defendant guilty. On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

16

COURT'S JURY INSTRUCTION NO. 16

Reasonable Doubt [2.09]

Again, as I told you at the start, every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with defendants **TROY ANTOINE HOPKINS, LAWRENCE BRYANT, JOHN DOWNS, III, BERNIE HARGROVE,** throughout the trial unless and until each is proven guilty beyond a reasonable doubt.

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that the truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason–a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

COURT'S JURY INSTRUCTION NO. 17

Credibility of Witnesses [2.11]

In determining whether the government has established the charges against the defendants beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, and in weighing the testimony of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or animosity toward other persons concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of the discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

18

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced, for or against either side of this trial, you may consider and determine whether such bias or prejudice has so colored the testimony of such witness as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

COURT'S JURY INSTRUCTION NO. 18

Witnesses Who Conferred with Counsel


Several witnesses have acknowledged that they have conferred with counsel in advance of their testimony.  You are instructed that it is lawful and proper – and, indeed, to be expected – that the attorney who proposes to call a witness will confer with the witness before trial.  The purpose of such a conference is to enable counsel to ascertain what the witness knows of his own personal knowledge and the extent to which the witness's testimony will be admissible in evidence.  The purpose is also to alert the witness as to what he will be asked to enable him to focus his recollections.

COURT'S JURY INSTRUCTION NO. 19

Number of Witnesses [2.13]


The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses to believe.  It is possible that you may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

COURT'S JURY INSTRUCTION NO. 20

Evaluation of Prior Consistent and Inconsistent Statements [1.10 - 1.11]

The testimony of a witness may be discredited or impeached by showing that the witness has previously made statements that are inconsistent with his present testimony. Such prior statements have been admitted into, and may be considered by you, as evidence. Should you find the prior statements to be inconsistent – and whether the statements are inconsistent is a matter for you to judge – you may consider such statements in connection with your evaluation of the truth of the witness's present testimony in court. Prior statements that omit details covered at trial are inconsistent if it would have been "natural" for the witness to include them in the earlier statement.

Where the testimony of a witness at trial is inconsistent with a prior statement of the witness, and that prior statement was given under oath subject to the penalty of perjury at another trial or at a hearing, deposition, or other proceeding, you may consider the prior statement both in evaluating the credibility of the witness at trial, and as evidence of any fact contained in the prior statement. Should you find the prior statement to be inconsistent with the witness's testimony, you may consider the statement in determining what credence is to be given to the witness's present testimony in court. Should you find the prior statement to be truthful, you may consider it as evidence in this case.

The testimony of a witness may be rehabilitated or supported by showing that the witness has previously made statements that are consistent with his present testimony. The prior statements are admitted into evidence both for your consideration in evaluating the credibility of the witness and

as evidence in this case.  If you find the prior statements to be consistent, you may consider such statements both in evaluating the credence to be given the witness's present testimony in court and as evidence in this case.

COURT'S JURY INSTRUCTION NO. 21

Prior Perjury [2.25]


If you find a witness who testified at this trial acknowledged that they lied under oath at another proceeding, the testimony of that witness should be viewed cautiously and scrutinized with great care.

COURT'S JURY INSTRUCTION NO. 22

Untruthful Testimony at Trial


If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters.  You may either disregard all of that witness's testimony, or you may accept whatever part of it you think deserves to be believed.

25

COURT'S JURY INSTRUCTION NO. 23

Impeachment by Proof of Conviction of a Crime – Witness [1.12]

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence solely for your consideration in evaluating his or her credibility as a witness. You may consider the prior conviction only in connection with your evaluation of the credence to be given the witness's present testimony in court.

COURT'S JURY INSTRUCTION NO. 24

Witness With a Plea Agreement [2.22A]


You have heard evidence that witnesses entered into a plea agreement with the government pursuant to which they agreed to testify truthfully in this case and the government agreed to bring the cooperation of those witnesses to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect him/her against a prosecution for perjury or false statement should he or she lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from any other witness. A witness who realizes that he may be able to obtain his/her own freedom, or receive a lighter sentence by giving testimony may have a motive to lie. The testimony of a witness who has entered into a plea agreement should be received with caution and scrutinized with care. You should give the testimony such weight as in your judgment it is fairly entitled to receive.

27

COURT'S JURY INSTRUCTION NO. 25

Decision of Defendant Not to Testify (if applicable) [2.27]


Every defendant in a criminal case has an absolute right not to testify.  The defendants **TROY ANTOINE HOPKINS, LAWRENCE BRYANT, JOHN DOWNS, III, BERNIE HARGROVE,** have each chosen to exercise his right to remain silent.  You must not hold this decision against any of the defendants, and it would be improper for you to speculate as to the reason or reasons for this decision, and I, therefore, instruct you not to do so.  Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

28

COURT'S JURY INSTRUCTION NO. 26

Defendant As a Witness (if applicable) [2.28]


A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

COURT'S JURY INSTRUCTION NO. 27

False or Inconsistent Statement by Defendant (if applicable) [2.29]

If you find that a defendant made false or inconsistent statements in explanation of his actions, the following instruction would apply:

False or inconsistent statements that a defendant makes in explanation or defense, after a crime has been committed, do not create a presumption of guilt. You may consider evidence of such false or inconsistent statements, however, as tending to prove the defendant's consciousness of guilt. You are not required to do so. You should consider and weigh evidence of the defendant's false or inconsistent statements with all the other evidence in the case and give it the weight that you believe it is fairly entitled to receive. It is up to you to decide whether the defendant made the statements and whether they were, in fact, false or inconsistent.

COURT'S JURY INSTRUCTION NO. 28

Statements of the Defendant - Substantive Evidence (if applicable) [2.48]


Evidence has been introduced that the defendant made statements to the police about the crime charged. You should weigh that evidence with caution and carefully consider all the circumstances surrounding the making of the statement. Do this in deciding [whether the defendant made the statement and] what weight to give it, along with all the other evidence, when deciding the guilt or innocence of the defendant.

[If you decide that the defendant did make the statement,] in examining the circumstances surrounding the statement, you may consider whether the defendant made it freely and voluntarily with an understanding of what he was saying. You may consider whether he made it without fear, threats, coercion, or force, either physical or psychological, and without promise of reward. You may consider the conversations, if any, between the police and the defendant. For example, you may consider whether the police warned him/her of his/her rights; where and when the statement was given; the length of time, if any, that the police questioned him/her; who was present; and the physical and mental condition of the defendant. You may consider the age, disposition, education, experience, character, and intelligence of the defendant. Considering all the circumstances, you should give his statement such weight as you think it deserves.

COURT'S JURY INSTRUCTION NO. 29

Defendant's Statements – Corroboration [2.49]


A defendant cannot be convicted solely on his/her own statements concerning essential elements of the offense, which he/she made out of court. Therefore, unless you find that the statements attributed to the defendant are adequately supported by other evidence, you must not consider them as evidence in this case.

You must not consider the statements allegedly made by the defendant unless you find that there is substantial independent evidence of facts or circumstances that tend to establish the trustworthiness of these statements. This supportive evidence may be direct or circumstantial or both.

You must find the defendant not guilty, unless the independent evidence and the defendant's statements, taken as a whole, establish the essential elements of the offense beyond a reasonable doubt.

COURT'S JURY INSTRUCTION NO. 30

Expert Testimony [1.08]

The rules of evidence ordinarily do not permit witnesses to testify to their opinions or conclusions.  They are limited to relating facts of which they have first-hand knowledge.  An exception to those rules is made for witnesses who qualify as "experts."

An expert witness in a particular field is permitted to give his or her opinion in evidence. Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert, and they also may state their reasons for their opinion.

You are not bound by the opinion of an expert.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part.  In other words, you should consider the expert's testimony in connection with the other evidence in the case and give it such weight, as in your judgment, it is fairly entitled to receive.

33

<u>COURT'S JURY INSTRUCTION NO. 31</u>

Law Enforcement Officer's Testimony [2.26]


A law enforcement officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser credence to the testimony of any witness merely because that witness is a law enforcement officer.

COURT'S JURY INSTRUCTION NO. 32

Accomplice's Testimony [2.22]


Accomplices in the commission of a crime are competent witnesses and the government has a right to use them as witnesses. An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises or encourages another person in the commission of a crime, regardless of his/her degree of participation.

The testimony of an alleged accomplice should be received with caution and scrutinized with care. You should give it such weight as in your judgment it is fairly entitled to receive. You may convict a defendant upon the uncorroborated testimony of an alleged accomplice only if you believe that the testimony of the accomplice proves the guilt of the defendant beyond a reasonable doubt.

COURT'S JURY INSTRUCTION NO. 33

Witnesses Using or Addicted to Drugs


There has been testimony presented at the trial from witnesses who may have been addicted to or using drugs when the events they observed took place. I instruct you that there is nothing improper about calling such witnesses to testify about events within their personal knowledge.

On the other hand, this testimony must be examined with greater caution than the testimony of other witnesses. The testimony of a witness who was using drugs at the time of the events he or she is testifying about may be less believable because of the effect the drugs may have had on his or her ability to perceive, recall, or relate the events in question.

If you decide to accept the testimony of such a witness, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

COURT'S JURY INSTRUCTION NO. 34

Testimony Regarding Pleas Entered Into by Witnesses

You have heard testimony from certain government witnesses who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

You have heard evidence that some of the defendants in this case pleaded guilty to certain criminal acts with which they had been charged in separate proceedings.  Evidence of those guilty pleas has been introduced in the form of transcripts of court proceedings or plea agreements in which the defendants admitted to the criminal conduct at issue in those cases. Each defendant's admission of his own criminal conduct in a guilty plea proceeding or plea agreement is to be considered by you only as evidence against that particular defendant.  It is not evidence of the guilt of any other defendant.

## COURT'S JURY INSTRUCTION NO. 35

Identification Testimony


The burden is on the government to prove beyond a reasonable doubt, not only that an offense was committed as alleged in the Indictment, but that the defendant charged with the offense was the person who committed it.  In considering whether the government witnesses have proved beyond a reasonable doubt that the defendant is the person who committed the offense, you may consider any one or more of the following:

1.     The witness's opportunity to observe the criminal acts and the person committing them, including the length of the encounter, the distance between the various parties, the lighting conditions at the time, the witness's state of mind at the time of the offense, and other circumstances affecting the witness's opportunity to observe the person committing the offense that you deem relevant;

2.     Any subsequent identification, failure to identify, or misidentification by the witness, the circumstances surrounding that identification, the certainty or lack of certainty expressed by the witness, the state of mind of the witness at the time, and other circumstances bearing on the reliability of the witness's identification that you deem relevant; and

3.     Any other direct or circumstantial evidence that may identify the person who committed the offense charged or corroborate or negate the identification by the witness.

38

You must be satisfied beyond a reasonable doubt of the accuracy of the identification of a defendant before you may convict him.  If the circumstances of the identification of the defendant are not convincing beyond a reasonable doubt, you must find the defendant not guilty.

COURT'S JURY INSTRUCTION NO. 36

Charts and Summaries


Charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are based upon testimony and evidence and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

<u>COURT'S JURY INSTRUCTION NO. 37</u>

[TO BE FILLED IN BASED ON EVIDENCE ADMITTED]

Instruction 2.51A

Evidence of Crimes Admitted to Show Motive, Identity, Common Scheme

You have heard evidence that the defendant was [describe other crimes evidence].  It is up to you to decide whether to accept that evidence.

If you find that the defendant [describe the other crimes conduct], consider that evidence only for the limited purpose of deciding whether

[the defendant had a motive to commit the offense charged in the indictment]

[the circumstances of the other crimes and charged offense are so similar that it is likely that the person who [describe the other crimes conduct] also committed the charged offense]

[that evidence shows that the defendant had a specific plan to commit a series of crimes which are connected to each other].

If you conclude that

[the defendant had such a motive]

[the [other crimes conduct]

is so similar to the charged offense]

41

[the defendant had such a plan]

you may consider the existence of that

[motive]

[plan]

[similarity]

in helping you decide whether the government has proved beyond a reasonable doubt

[that the defendant is the person who committed the offense[s] charged in the

information]

[Describe contested issue].

You may not consider this evidence for any other purpose.  The defendant has not been

charged with any offense relating to [describe the other crimes conduct], and you may not

consider this evidence to conclude that the defendant has a bad character, or that the defendant

has a criminal personality.  The law does not allow you to convict a defendant simply because

you believe he may have done bad things not specifically charged as crimes in this case.  The

defendant is on trial for the crimes charged, and you may use the evidence of acts not charged

only for the limited purpose of helping you decide whether

[the defendant is the person who committed the offense[s] charged in the

indictment].

[Describe contested issue].

42

COURT'S JURY INSTRUCTION NO. 38

Impermissible to Infer Participation From Mere Presence or From Association

You may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he may have been present at the time and place a crime was being committed and had knowledge that it was being committed.

Likewise, you may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he associated with, was a family member of, or lived with other people who were guilty of wrongdoing.

COURT'S JURY INSTRUCTION NO. 39

Multiple Defendants – Multiple Counts [2.52 and 2.54]

Unless I have instructed you otherwise, you should consider each instruction that the court has given to apply separately and individually to each defendant on trial.  Likewise, you should give separate consideration and render separate verdicts with respect to each defendant.  Each defendant is entitled to have his guilt or innocence of the crime for which he is on trial determined from his own conduct and from the evidence that applies to him, as if he were being tried alone.

The guilt or innocence of any one defendant should not control or influence your verdict as to the other defendants.  You may find any one or more of the defendants guilty or not guilty.  At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any defendant on any charge, after which you will resume your deliberations as to the other remaining defendants and charges.

A separate offense is charged in each of the counts of the Indictment that you are to consider.  Each offense, and the evidence that applies to it, should be considered separately, and you should return separate verdicts as to each count.  Except as I have otherwise instructed you, the fact that you may find a defendant guilty or not guilty of any one count of the Indictment should not control or influence your verdict with respect to any other count of the Indictment.

COURT'S JURY INSTRUCTION NO. 40

Punishment Not Relevant [2.74]


You are instructed that at this stage of the proceeding, the question of possible punishment of a defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way. You should weigh the evidence in the case and determine the guilt or innocence of each defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

COURT'S JURY INSTRUCTION NO. 41

Proof of State of Mind [3.02]


Some of the elements of the offenses upon which I will instruct you require proof by the government of a certain "state of mind" – signified by using terms like "intentional" or "knowing."

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind. However, you may infer a defendant's intent or knowledge from the surrounding circumstances, or, in other words, the circumstantial evidence. You may consider any statement made or acts done, or not done, by the defendant, and all other facts and circumstances received in evidence that may tend to indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

COURT'S JURY INSTRUCTION NO. 42

"Knowingly" – Defined

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

COURT'S JURY INSTRUCTION NO. 43

"On or About" – Proof Of [3.07]


You will note that the Indictment charges that some offenses were committed "on or about" a particular date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

COURT'S JURY INSTRUCTION NO. 44

"Possession" – Defined [3.08]

A term that you will encounter frequently in these instructions is "possession." You should understand that "possession" does not mean "ownership." One can possess something without owning it.

The law recognizes two kinds of possession: actual possession and constructive possession. A person has <u>actual</u> possession of something if he has direct physical control over it. A person has <u>constructive</u> possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

The law also recognizes that possession may be sole or joint. If one person alone has either actual or constructive possession of an item, that possession is <u>sole</u>. If two or more persons share either actual or constructive possession of an item, possession is joint. In any event, whenever you are required to find whether a defendant "possessed" something, a finding of any kind of possession – actual or constructive, sole or joint – is sufficient.

I instruct you, however, that mere presence in the vicinity of a piece of property, or simple knowledge of its physical location, does not constitute possession. You may find that the requirements for possession of property are satisfied only if you find that the government has proven beyond a reasonable doubt that a defendant had actual or constructive possession of the property, either alone or jointly with others.

49

COURT'S JURY INSTRUCTION NO. 45

Vicarious Guilt

You may find a defendant guilty of a crime charged in the Indictment without finding that he personally committed each of the acts that make up the crime or that he was even present at the scene of the crime. In other words, there are several ways in which the law recognizes that a defendant can be found guilty of a criminal act actually perpetrated by another person, and it is not necessary that you find that the defendant was even actually present where and when the crime was committed.

1.    Willfully Causing an Act to be Done

A defendant is responsible for an act that he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such an act to be done by another, with the intent to commit the crime.

2.    Aiding and Abetting

Any person who in some way intentionally participates in the commission of a crime aids and abets the principal offender. The law regards him as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

50

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the person or persons who committed the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant is necessary.  Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt, unless his presence is intended to help the principal offender and, in fact, does help him.  It is not necessary that you find that the defendant was actually present when the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.  The government is not required to prove that the crime was committed in the particular way planned or agreed upon.  Nor does the government need to prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.  And it is not necessary that all the people who committed the crime be caught or identified.

It is sufficient to find a defendant guilty if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted the principal offender or offenders in committing the crime.

3.    An Act in Furtherance of a Conspiracy

Once the government has proved the existence of a charged conspiracy, and that a particular defendant was a member of that conspiracy, that defendant can be found guilty of a substantive offense based upon the acts of a coconspirator as long as the act was done in furtherance of the

51

conspiracy, was within its scope, and could be reasonably foreseen by the defendant as a necessary or natural consequence of the unlawful agreement.

COURT'S JURY INSTRUCTION NO. 46

Count 1

CONSPIRACY TO VIOLATE NARCOTICS LAWS

(21 U.S.C. § 846)


I will now explain to you the particular elements of the crimes charged in the Indictment.

All of the defendants are charged with participating in a conspiracy to violate narcotics laws. Count 1of the Indictment charges, in pertinent part, that from at least on or about sometime in September, 2005, the exact date being unknown to the Grand Jury, and continuing thereafter to at least July 27, 2006, within the District of Columbia, and elsewhere, the defendants, **TROY ANTOINE HOPKINS, LAWRENCE BRYANT, JOHN DOWNS, III, BERNIE HARGROVE,** did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together, with other co-conspirators, to unlawfully knowingly, and intentionally possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of a narcotic drug controlled substance, in violation of Title 21, Sections 841 and 846 of the United States Code. Specifically, each defendant is charged with conspiring to unlawfully, knowingly, and intentionally distribute, and to possess with intent to distribute mixtures and substances of the following controlled substance: phencyclidine (PCP).

53

The conspiracy charged in Count 1 of the Indictment is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. A conspiracy to commit a crime is itself a crime. This is so because the essence of the offense of conspiracy is an unlawful agreement or understanding between two or more people to violate some law or laws, and it is against the law to agree with someone else to commit a crime, even if the crime itself was never completed. The law against conspiracies reflects the fact that criminal activity is more likely to be successful when it engages the efforts of more than one person. Because the crime of conspiracy is an entirely separate and different offense from the underlying crimes that are the conspiracy's purpose, you may find a defendant guilty of the crime of conspiracy to commit a crime even if that underlying crime was never committed. A conspiracy is simply a combination of two or more persons to accomplish an unlawful purpose. It is a partnership in crime.

Returning to the subject of Count 1, you must consider separately the issue of each defendants' participation. Specifically, for you to find a defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, from at least on or about sometime in September, 2005, the exact date being unknown to the Grand Jury, and continuing thereafter to at least July 27, 2006, an agreement existed between at least two people to commit a federal crime, namely to knowingly and intentionally distribute, or to possess with the intent to distribute, one or more of the controlled substances set forth in the Indictment. The agreement does not have to be in writing, or even to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. The agreement may be very informal, and existence of such an agreement may have to be inferred from

54

the circumstances and conduct of the parties, because conspiracies ordinarily are characterized by secrecy. But the government must prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit a crime.

It is not essential that the government prove that the conspiracy began or ended on the specific dates set forth in the Indictment or that the conspiracy was in existence for any particular length of time. The government is required to prove beyond a reasonable doubt, however, that the conspiracy charged existed in fact for some time within the period set forth in the Indictment.

The second element of the offense, which the government must prove beyond a reasonable doubt, is that a particular defendant knowingly and willfully participated in the conspiracy and did so with the specific intent to distribute, or to possess with the intent to distribute, a mixture and substance containing a detectable amount of phencyclidine (PCP). The government must show the particular defendant's membership in the conspiracy. That defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, nor the means by which its purposes were to be accomplished. Each member of the conspiracy may perform separate and distinct acts. It is necessary, however, that the government prove beyond a reasonable doubt that a particular defendant was aware of the common purpose, had knowledge that the conspiracy existed, and was a willing participant with the intent to advance the purposes of the conspiracy. An act is done willfully if done knowingly, intentionally, and deliberately.

In other words, before you may find that a defendant has become a member of a conspiracy, the evidence in the case must prove to you beyond a reasonable doubt that the defendant knowingly participated in the unlawful plan with the intent to advance or further some objective or purpose of

the conspiracy. To participate "knowingly" means to do so voluntarily and intentionally, and with the specific intent to do something that is against the law, and not because of mistake, inadvertence, or accident.

Although one may become a member of a conspiracy without full knowledge of all the details, a person who has no knowledge of or intent to join the conspiracy, but just happens to act in a way that is of benefit to the conspiracy, or to a conspirator, does not thereby himself become a conspirator. Evidence of friendship or association, or even familial relationship with alleged conspirators, without evidence of knowing participation does not permit an inference of guilt. Furthermore, a simple buyer-seller relationship alone does not make out a conspiracy. A buyer-seller relationship, however, may be sufficient if it is coupled with other evidence indicating a common purpose, such as an on-going or continuing relationship, multiple sales, sales on credit or "fronting," an awareness that the drugs purchased by the buyer are to be resold or knowledge of a broader illegal venture. There can be no conspiracy if the only person the defendant conspires with is a government agent. Additionally, where the quantity involved is sufficiently large, an inference may be drawn that an implicit agreement exists for one defendant to supply another defendant with narcotics for resale on an on-going basis.

It is not necessary that the government prove that a defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times. One who knowingly joins an existing conspiracy is charged with the same blame or culpability as though he had been one of the original members of the conspiracy. And you are reminded that it is not necessary, in order to convict a defendant of a charge of conspiracy, that the

objectives or purposes of the conspiracy were achieved or accomplished. The ultimate success or failure of the conspiracy is irrelevant.

Whether a single conspiracy, multiple conspiracies, or no conspiracy at all existed is for you to decide. If you find that the evidence at trial did not prove the existence of the single overall conspiracy charged, or instead established other or different conspiracies, none of which are charged in the Indictment, you must find the defendants not guilty of Count 1. This is so even if you find that some conspiracy other than the one charged in this Indictment existed, and even though the purposes of both conspiracies may have been the same and there may have been some overlap in membership. Proof of several separate conspiracies is not proof of the single overall conspiracy charged in the Indictment. What you must determine is whether the single conspiracy as charged in Count 1 existed between two or more conspirators. If you find that no such conspiracy existed, you must acquit the defendants of this charge. If, however, you find that the government has proven beyond a reasonable doubt that the defendants were involved, at any point during the period charged in the Indictment, in an integrated, on-going, common effort to distribute controlled substances, then you may find them guilty of the single conspiracy charged in Count 1.

In making this determination, you should consider whether the conspirators share a common goal, such as to possess and distribute narcotics for profit; to enrich the members of the conspiracy; to create, maintain and control a market place for the distribution of controlled substances; to enforce discipline among members of the conspiracy; to collect monies owed to members of the conspiracy; to protect the conspiracy and its members from detection, apprehension and prosecution by law enforcement; to prevent and retaliate against acts of violence perpetrated against members of the conspiracy; and to promote and enhance the reputation and standing of the conspiracy and its

members.  You also may consider the extent to which members of the conspiracy depended on one another to accomplish the goal of narcotics distribution, the overlap of participants in the various operations of the conspiracy, and the quality, frequency, and duration of each conspirator's transactions.  You may find that there was a single conspiracy despite the fact that there were changes in either personnel or activities, or both, so long as you find that two or more persons continued to act for the entire duration of the conspiracy for the purposes charged in the Indictment. The fact that the members of a conspiracy are not always the same does not necessarily imply that separate conspiracies exist.

If you find that a single conspiracy existed, you will be obliged to consider the agency relationship among co-conspirators.  This is a concept you will encounter throughout much of your deliberations, as later instructions will demonstrate.   Briefly stated, however, a member of a conspiracy who commits another crime during the existence or life of the conspiracy, and who commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy, may be found by you to be acting as the agent of the other members of the conspiracy if the other crime is reasonably foreseeable and in furtherance of the conspiracy.  The illegal actions of this person in committing this other crime may be attributed to others who are then members of the conspiracy.  Therefore, a defendant may be found guilty of this other crime even though he did not participate directly in the acts constituting that offense or was not present at its commission.  In this connection, I refer you back to the Court's Jury Instruction regarding "vicarious guilt."

You also may consider even non-criminal acts and the statements of any other member of the alleged conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it.  When people enter into a conspiracy, and thus act as

58

agents for each other, the acts or statements of one conspirator during the existence of the conspiracy are considered the acts or statements of all the other conspirators and can be regarded as evidence against them all.

You should not base your determination of the guilt or innocence of a defendant on Count 1 on the extent of that defendant's participation in or his importance to the alleged conspiracy. A defendant may be convicted as a conspirator even though he plays a minor role in the conspiracy, provided that you find beyond a reasonable doubt that the conspiracy existed, and that the defendant knowingly participated to some extent in the conspiracy with the intent to assist other conspirators in accomplishing its objectives.

Finally, as I told you earlier, the government is required to prove beyond a reasonable doubt, with respect to each defendant, a threshold amount, if any, of controlled substances involved in the conspiracy and the amount, if any, of controlled substances for which each defendant is responsible. On these issues, you will have to record your findings.

First, you must unanimously agree that the specified controlled substance – that is, phencyclidine (PCP) – was involved in the conspiracy. Second, you must make a determination as to the quantity of the controlled substance for which each defendant is responsible. You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether the amount of phencyclidine (PCP), exceeded one kilogram or more.

In determining quantity, you must determine the total weight of any mixture and substance that contains a detectable amount of phencyclidine (PCP).

In making the determination of drug quantities for each defendant, you are instructed that a defendant is responsible for those drugs that he agreed would be distributed or possessed with intent to distribute, and those drug amounts distributed or possessed with intent to distribute by other co-conspirators which the defendant reasonably could have foreseen would be distributed or possessed in furtherance of the conspiracy. In other words, a defendant is responsible for not only his own actions but also for those of his coconspirators if those actions were known or reasonably foreseeable to the defendant. Thus, for example, you may count for purposes of this element amounts of phencyclidine (PCP) possessed and sold by the defendant and amounts of those drugs that the defendant could reasonably foresee would be possessed and sold by all of his co-conspirators during the course of the conspiracy. In calculating drug quantities, you may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue. I further instruct you that the government is not required to have seized, or physically produce in court, a particular quantity of drugs to satisfy this element.

<u>JURY INSTRUCTION NO. 47</u>

Count 2

POSSESSION OF A CONTROLLED SUBSTANCE

WITH INTENT TO DISTRIBUTE

21 U.S.C. § 841(a)(1)

I must also  instruct you on possession with intent to distribute a controlled substance.  Count Two

alleged the defendant, **BERNIE HARGROVE**, on trial here, with possession with intent to

distributed controlled substances on dates listed in the indictment.  The essential elements of this

offense, each of which the government must prove beyond a reasonable doubt are:

1.    That the defendant possessed a controlled substance;

2.    That the defendant did so knowingly and  intentionally.  This means consciously,
      voluntarily and on purpose, not mistakenly, accidently or inadvertently; and

3.    That when the defendant possessed the controlled substance, he had the specific
      intent to distribute it.  Distribute means to transfer or attempt to transfer to another
      person.

4.    That the amount of the was one kilogram or more of a  mixture and substance
      containing a detectable amount of phencyclidine (PCP).

The law makes phencyclidine (PCP) a controlled substances.  You must decide whether the

material in question was phencyclidine (PCP).  In doing that, you may consider all evidence that may

help you, including exhibits and expert and non-expert testimony.  The government need not prove

that the defendant possessed any particular numerical amount of PCP, but it must prove beyond a

reasonable doubt that he possessed a detectable amount of PCP.

61

<u>Drug Quantities</u>

In certain Counts – Counts 1, 2 and 4  – certain defendants are charged with conspiracy, possession with intent to distribute and distribution of phencyclidine (PCP).  If you find any defendant guilty of any of these Counts, you must then make a determination as to the quantity of phencyclidine (PCP) involved in that conspiracy, possession with intent to distribute or distribution. You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether the amount of phencyclidine (PCP) exceeded a specified quantity. Specifically, the verdict form will ask you to decide whether the amount of phencyclidine (PCP), was:

1.    One kilogram or more of mixtures and substances containing a detectable amount of phencyclidine (PCP).

2.    More than 100 grams or more of mixtures and substances containing a detectable amount of phencyclidine (PCP).

Your decision as to whether one of these drug quantity ranges has been proven beyond a reasonable doubt must be unanimous.  In determining quantity, you must determine the total weight of any mixture and substance that contains a detectable amount of phencyclidine (PCP).  It is the entire weight of the mixture and substance that controls your determination.

JURY INSTRUCTION NO. 48

Count 4

DISTRIBUTION OF A CONTROLLED SUBSTANCE
21 U.S.C. § 841(a)(1)

In Count 4 of the Indictment charges defendant, **BERNIE HARGROVE,** with unlawful distribution of 100 grams or more of phencyclidine (PCP). These instructions will explain the elements of each of the offense.

The essential elements of the offense of distribution, each of which the government must prove beyond a reasonable doubt are:

1.    That the defendant distributed a controlled substance.  Distribute means to transfer or attempt to transfer to another person.  The government need not prove that the defendant received or expected to receive anything of value in return.

2.    That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3.    That the amount of the was 100 gram or more of a  mixture and substance containing a detectable amount of phencyclidine (PCP).

The law makes phencyclidine (PCP) is a controlled substance.  You must decide whether the material did in fact contain phencyclidine (PCP).  In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

63

COURT'S JURY INSTRUCTION NO. 49

Transcripts of Tape Recordings

Tape recordings of conversations identified by witnesses have been received in evidence. Transcripts of these tape recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portion of the tape which are difficult to hear, and to help you identify speakers. The tapes, however, are evidence in the case; the transcripts are not evidence. If you perceive any variation between the transcripts and the tapes, you must be guided solely by the tapes and not by the transcripts. If you cannot determine from the tape that particular words were spoken, you must disregard the transcripts so far as those words are concerned.

As you have been instructed, the transcripts to audio conversations are not evidence, but an aid for the jury in understanding the evidence. If you want to use a transcript as an aid to a call or conversation which was played during the course of the trial, you should advise the Court. The Court will provide the jury with the transcript(s) requested. After the jury uses the transcript(s) as an aid to the audio of an exhibit admitted into evidence, you should promptly return the transcript(s) to designated Court personnel.

<u>COURT'S JURY INSTRUCTION NO. 50</u>

Juror's Inspection of Evidence

You can inspect any item of evidence that the Court admitted.  The jury will be given all the evidence, with a few exceptions.  If you want to inspect the firearm evidence or the drug evidence you should send a note to the Court.  Likewise, recorded controlled purchases and the calls on the court-authorized wiretaps of David Wilson's cell phone are admitted into evidence.  The Court also admitted certain consensually recorded telephone calls.  You will be given computer disks of all of these recordings played during the trial.

COURT'S JURY INSTRUCTION NO. 51

Election of a Foreperson


That completes my discussion of the substantive offenses. Now I want to give you a few instructions about how you will conduct yourselves as jurors. Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you. When you retire to the jury room, you will select one from among your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the Court in the event there is any matter about which you wish to communicate with the Court.

66

COURT'S JURY INSTRUCTION NO. 52

Unanimity


The verdicts must represent the considered judgment of each juror. In order to return verdicts, it is necessary that each juror agree to the verdicts. Your verdicts must be unanimous. You should feel free, however, to consider and deliberate on the count or counts against each defendant in any order that you prefer. There is no requirement that you consider the charges against a specific defendant in any particular order or, indeed, that you consider the defendants themselves in any particular order, so long as you reach a unanimous verdict on all counts as to each defendant. A verdict must represent the considered judgment of each juror. As you know, your verdict on each count must be unanimous. Each juror must agree on it. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous. On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict. Remember at all times that you are not partisans; you are judges of the facts.

## COURT'S JURY INSTRUCTION NO. 53

Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present. Everybody is entitled, once you begin your deliberations, to know any communications that we have between us. Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of any of the defendants until after you have reached a unanimous verdict.

68

COURT'S JURY INSTRUCTION NO. 54

Media Reports

I instructed you earlier during this trial that you are to ignore any reports in the newspaper or on radio or television concerning this case. While you deliberate, there may be reports in the newspaper or on the radio or television relating to this case. Again, as I instructed you earlier, please make sure you do not read, listen to, or watch any of the reports. You must decide this case solely on the evidence presented in this courtroom. You must consider only evidence that meets certain standards in reaching your verdict. For example, a witness may testify about events he himself has seen or heard, but, except as I have held to be admissible as an exception to the hearsay rule, he generally may not testify about matters that others have told him about. Also, witnesses must be sworn to tell the truth and must be subject to cross-examination. News reports about this case are not subject to these standards, and if you read, listen to, or watch these reports, you may be exposed to misleading or inaccurate information that unduly favors one side of the case and to which the other side is unable to respond. Therefore, you must completely disregard any press, television, or radio reports that you may read, see or hear. Such reports are not evidence and you should not be influenced in any manner whatever by such publicity.

COURT'S JURY INSTRUCTION NO. 55

Verdict Form


      As I indicated earlier, a form of verdict has been prepared for your convenience.  You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict as to each defendant, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

<u>COURT'S JURY INSTRUCTION NO. 56</u>

Furnishing Jury with a Copy of Instructions


I will provide each of you with a written copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. Although you may refer to any particular portion of the instructions, you are to consider the instructions as a whole, and you may not follow some and ignore others. The fact that you have been provided with a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

71

COURT'S JURY INSTRUCTION NO. 57

Court Proceedings During Deliberations


I do like to talk a little bit about how court will convene while you deliberate.  First, during the period of deliberations, we will convene in court each day the same way we have, generally Monday through Thursday, 9:30 to 5.  You will deliberate at your pace, you decide how much time it takes you to fairly and impartially consider each of the counts that you will be presented on the verdict form.  The verdict form is lengthy, I'll warn you up front.  There are lots of "racketeering acts" and all these other things where you have to make specific findings of either proven or not proven, and all those will be places on the form as well as forms where the foreperson will fill in either guilty or not guilty as to each of the counts in the indictment, and there will be some places where you have to fill in your findings on amounts of drugs involved as well, as I told you in the instructions.  So I expect it will take you some time to fairly and impartially arrive at a fair verdict in this case.

During the course of that time, we will convene each day at 9:30 and close at 5.  I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to.  Most of the time, you will be able to begin your deliberations here and then stop at 5 o'clock.  You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present.  Once all twelve are present, then your foreperson can say, we can begin the discussions.  And at the end of the day when your foreperson says you're going to stop

72

for the day, again, you can't have any discussion unless all twelve of you are present.  That's the only rule you really have to follow during the time of your deliberations.

As I said, during the time of your deliberations, if I have a note from you, I'll respond, but I will give counsel an opportunity to comment on what my response will be before I respond.  So sometimes there may be some delay in responding to your note until I get all counsel here and have a hearing on what I should say to you because they're entitled to know what I am going to say.

73

COURT'S JURY INSTRUCTION NO. 58

Taking the Verdict


I would like to talk about one other subject now, and that is when you return to the courtroom with your verdict, the foreperson will bring the verdict form into the courtroom with you. The marshal, when I ask for it, will take the verdict form from the foreperson and hand it to the deputy clerk. The deputy clerk will then do what we call publish the verdict. The deputy clerk will read out loud the verdict that you have entered. Now, I gave you an instruction in here that you can return a verdict as to any defendant and as to any count any time you decide you want to return a verdict if unanimous. It's up to you how you want to go through that. But at any point when you have returned a verdict, either full or partial, the verdict will be announced in open court by the deputy clerk reading it. At that point, just so you know how it works, the clerk will say to the foreperson, is that the verdict as just announced? Hopefully you will all say yes.

Any party can ask that the jury be polled on the verdict as just announced. If there is a request for a poll, I then direct the clerk to poll the jury. The clerk then says, do each of you agree with the verdict as just announced and will say Juror Number 1. Hopefully Juror Number 1 will say yes, and then the clerk will say, Juror Number 2. We just go all down the line until all twelve jurors have been polled. Hopefully all twelve will say yes. If anyone says no, my job is easy. We don't have a unanimous verdict and I ask you to retire to the jury room and come back when you have a unanimous verdict. That's all polling the jury is, though, just so you know how the process works when you come back.

74

<u>COURT'S JURY INSTRUCTION NO. 59</u>

Alternate Jurors


While you alternate jurors will not begin deliberations with the twelve regular jurors, it is possible that one or more of you could be called to deliberate at some future time.  Because that possibility exists, you are instructed that you should continue to follow my instruction not to discuss this case with anyone at any time.  The Court will notify you when the jury has completed its deliberations.  When that occurs, your jury service will be discharged and you will be free to discuss the case.