UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06-227 (RBW) |
| | : | |
| | : | Judge Reggie B. Walton |
| v. | : | |
| | : | |
| TROY ANTOINE HOPKINS, | : | |
| LAWRENCE BRYANT, | : | |
| JOHN DOWNS, III, | : | |
| BERNIE HARGROVE, | : | |
| Defendants. | : | |

**GOVERNMENT'S PRETRIAL MEMORANDUM ON
ADMISSIBILITY OF TRANSCRIPTS OF RECORDED CONVERSATIONS**

The United States, by and through its attorney, Jeffrey A. Taylor, the United States Attorney for the District of Columbia, files this memorandum to address the admissibility and the in-trial use of transcripts from the court authorized wiretap recorded conversations. During trial, the Government also expects to ask this Court to admit the transcripts as substantive evidence and to permit the jury to take the transcripts along with digital recordings (on DVD format) of the conversations with them into the jury deliberation room. The Government asserts the following memorandum in support of this request:

1.  The government's investigation of the narcotics conspiracy in which these defendants participated has uncovered this large-scale, drug trafficking organization operating between California, District of Columbia, the State of Maryland, and the Commonwealth of Virginia. Agents working on the case estimated that the group was responsible for the distribution of well over 30 kilograms of phencyclidine ("PCP"). The drug and conspiracy indictment in this case followed a two year long investigation which involved, *inter alia*, the use of court authorized interceptions of

telephone communications (sometimes called "wiretaps") between and among various conspirators. The wiretap interception of conversations generated numerous pertinent recordings. In the trial of these defendants, the Government expects to use only a fraction of the audio recordings from the court authorized wiretaps. The Government also expects to introduce transcripts associated with those recorded telephone calls.[1] In addition, the Government expects to introduce video and audio recordings made during the course of the conspiracy. The Government seeks to admit the entire video taped and audio recordings, but will not seek to play them to the jury during the trial. These tapes were sometime very long lasting 45 to 90 minutes. The Government will seek to play to the jury only relevant segments (those segments the government deems appropriate) of each of the encounters, and estimates that the segments are between one minute to as much as five minutes in length.[2]

    2. Each of the wiretap recordings is a separate conversation intercepted and recorded pursuant to a court authorized wiretap. Each conversation intercepted was digitally recorded in association with a computer generated activation or session number, followed by a date and time code. Each audio conversation will be identified by an exhibit number and furthered identified by a date of the interception and a wiretap activation (session) number. All of the recordings are digital

---

[1] The government has provided to defense counsel the transcripts and CDs from the wiretap.

[2] Admission of the entire video tape satisfies the rule of completeness, Federal Rule of Evidence 106. The Government sees no need to introduce the entire video tape except to comply with this rule and to anticipate possible arguments from defense counsel that failure to offer the complete tape has allowed the Government to conceal relevant or arguably exculpatory evidence, or has allowed the Government to submit altered or fabricated versions of the video, or conceal that the law enforcement officials did not comply with the procedures (handling drug and surveillance tapes) about which they testified.

and of good quality. The Government has not encountered any problems hearing the voices and words on the wiretap recordings. These recordings, however, are interceptions of normal conversations and it is not uncommon in normal conversations for the speakers to utter words and phrases quickly, without the kind of clarity or diction associated with a sound recording studio, or for the parties occasionally to speak at the same time. Most of the conversations are less than one minute and each conversation offered is complete and unedited. For use with each wiretap conversation, the Government has prepared a transcript, so labeled and identified so as to correspond to the appropriate audio conversation. The Government expects to authenticate these transcripts through various witnesses, many of whom either were parties to the conversations selected, or who have a factual basis enabling them to identify the voices overheard in each conversation.

   3. If the Court permits the in-trial use of transcripts, the Government does not expect to have to keep playing the recordings multiple times until everyone is assured that they have heard and comprehended each word. Moreover, the Government seeks leave of the Court to utilize computer software (Sanctions II) that integrates and synchronizes the written transcript with the audio of each conversation. The software allows the audio to be heard in open court while the litigants and jurors view the transcript as it scrolls across the screen displayed by television monitors. The Sanctions II software is somewhat complex to use and is installed on a lap top computer, along with other software, all of which makes it unsuitable for use during deliberation. To simplify the deliberation process, the Government expects to introduce the audio recordings on DVD discs playable on a DVD player available to the jury in the deliberation room, and each conversation will be accompanied by a single written transcript. If the Court accepts this procedure it will expedite the review of the conversations during the trial and will assure the jurors during deliberation that they will have the

technology available to hear the conversations and review the transcripts. Similarly, Sanctions II software integrates digitized visual and audio in synchronization with a scrolling transcript. In the case of a visual image displayed on a television monitor, the words of the transcript scroll underneath the visual image displayed on the television monitor.

    4. In United States v. Holton, 116 F.3d 1536 (D.C. Cir. 1997) cert. denied, 522 U.S. 1067 (1998), the District of Columbia Circuit allowed jurors to use prepared transcripts of English tape - recorded conversation as substantive evidence while deliberating. Id., 116 F.3d at 1541. In Hotlon, the Court warned that while it is within the discretion of the trial court to permit jurors to use transcripts, not only as an in-trial aid, but as substantive evidence in the deliberation room, the trial court must instruct the jurors that their personal understanding or interpretation of the tapes themselves controls, not the text of the transcript. Id.

    5. The Government has provided defense counsel with digital recordings of both the wiretap conversations, plus corresponding transcripts of the conversations that it intends to introduce at trial. Although there is no joint stipulation (yet) as to the accuracy of each transcript,[3] in the event that any defense counsel objects, the trial court can make a pretrial determination of the accuracy of each transcript by comparing them with the recordings. Id. As long as the court instructs the jury that "their personal understanding of the tape [recording] supersedes the text of the transcript," then the transcript may be used in conjunction with the playing of the recording, and the jury may be permitted to use the transcripts during deliberations. Id.

---

[3] The government respectfully requests the Court to rule pretrial on the admissibility of the transcripts. Such a ruling would require the defense to object pretrial, and would prevent in trial delays otherwise caused by repeated and successive objections to admissibility of transcripts each time one if offered.

WHEREFORE, the Government requests this Court to follow the procedures outlined in United States v. Holton, 116 F.3d 1536 (D.C. Cir. 1997), and to permit the jury to view the transcripts in conjunction with the audio and/or visual image displayed during court, and to use a written transcript of each conversation in conjunction with the recorded audio/visual during deliberations.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        Bar No. 498-610

            /S/
By:  EMORY V. COLE
     S. ELISA POTEAT
     ASSISTANT UNITED STATES ATTORNEYS
     U.S. Attorney's Office
     Organized Crime & Narcotics Trafficking Section
     555 4th Street, N.W., Room 4213
     Washington, DC 20530
     (202) 616-3388

**Certificate of Service**

I hereby certify that a copy of the foregoing

GOVERNMENT'S PRETRIAL MEMORANDUM ON
ADMISSIBILITY OF TRANSCRIPTS OF RECORDED CONVERSATIONS

has been delivered by ECF to each counsel for each defendant this  19  day of September, 2007.

                                                    /S/
                                    Emory V. Cole
                                    Assistant U.S. Attorney